The opinion of the court was delivered by
Miller, J.
The defendant appeals from the judgment of the First Recorder’s Court, imposing a fine of twenty-five dollars on the defendant for violating the ordinance of the council prohibiting the erection or repairing within what are termed the fire limits of the city, of any building, unless non-combustible materials are used in the work.
The ordinance is alleged in defendant’s answer to be unconstitutional, not within the competency of the city to pass, and is also assailed on the ground that it undertakes to create an offence, not a crime by any statute of the State.
In the argument on behalf of the defendant it is urged that the ordinance conflicts with the Fourteenth Amendment of the Constitution of the United States, forbidding the abridgment by State legislation of the privileges of citizens of the United States; guaranteeing to them the equal protection of the laws and protecting the rights of *1172 persons and property against interference, except by due process of law. In our appreciation, the ordinance is within the police power, and hence not in any conflict with the Fourteenth Amendment. The validity of municipal ordinances of this character has been of constant recognition. 1 Dillon on Municipal Corporations, Sec. 338, notes at foot; City Charter of 1882, Sec. 8, Sess. Acts, p. 21; Charter of 1896, Sec. 14, Sess. Acts, p. 53.
It is urged that the ordinance transcends the power of the city in respect to buildings within the fire limits. The power conferred by the charter is to prevent the erection of wooden buildings, and the reconstruction in wood of old wooden buildings within such limits. Act No. 20 of 1882, Sec. 8; Act No. 45 of 1896, Sec. 14. The ordinance prohibits not only the erection of wooden buildings, but the repair, except with non-combustible materials, of any building already erected within the fire limits. Leovy’s Ordinances, Arts. 129, 132 et seq. Our predecc ssors held that the prohibition of repairs to buildings was 3n excess of the power given by the charter. State vs. Schuchardt, 42 An. 52. But this limitation of the ordinance is of no pertinence in this case. The charge against the defendant is the erection or reconstruction in wood of a building within the fire limits. To that charge the defendant pleaded and the testimony is directed to that charge. The ordinance prohibiting the erection of wooden buildings, or the reconstruction in wood of buildings within the fire limits, is clearly within the power given the city by the charter.
The contention of the defendant that the ordinance creates an offence not recognized by any statute of the State, we think misconceives the purpose of the ordinance. It is a police regulation within the competency of the city, not an attempt to constitute a crime in any other sense than the violation of a lawful- ordinance. The decision cited-by defendant in this connection did not propose to punish the infraction of an ordinance in execution of any power conferred by the charter, but sought to create an offence not known to our statutes. State vs. McNally, 48 An. 1450.
It is urged the ordinance has been repealed by special permits to build or repair with wood within the fire limits. We do not appreciate that the repeal can be deemed implied by the special permits.
Lastly, it is urged that the city has no power to fine for the violation of the ordinance. Without such power the ordinance would be *1173 nugatory. The power to fine for the violation of a police regulation of the character of that in question here is, we think, conferred on the city and has been recognized by the courts. Act No. 131 of 1877 (Extra Session), Sec. 12; Act No. 45 of 1891, Sec. 73; 42 An. 1113 (State vs. Boneil); First Municipality vs. Devron, 4 An. 278; 1 Dillon on Municipal Corporations, Sec. 272, and authorities there cited.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be and it is hereby affirmed, with costs.
Nicholls, C. J., absent; ill.