No. 13,077

THE CITY OF NEW ORLEANS VS. DANNEMAN & CHARLETON.

| 51 | 1093 |
| 111 | 235 |

SYLLABUS.

-The city of New Orleans is authorized by Act No. 148 of 1898, to enforce obedi-
ence to, and to punish the violation of what is known as the "Building Ordi-
nance" (being Ordinance 6533, C. S.), through the Recorders, by fine and
imprisonment, or both, or by imprisonment in default of the payment of the
fine, and legitimately exercised that authority in the adoption of Ordinance
14,804, C. S.

ON APPEAL from the Third Recorder's Court, of New Orleans.
   *Thompson, J.*

*James J. McLaughlin,* Assistant City Attorney, and *Samuel L. Gil-
more,* City Attorney, for Plaintiff, Appellee.

*Kossuth V. Richard* for Defendants, Appellants.

Argued and submitted April 22, 1899.
·Opinion handed down May 1, 1899.

The opinion of the court was delivered by

MONROE, J. This is an appeal from a judgment rendered by the
Recorder of the Third Recorder's Court, of New Orleans, sentencing
the defendants to pay a fine of $10 or, in default thereof, to be impris-
oned for twenty days, for erecting a building, within the city limits,
without having first obtained a permit from the City Engineer, in
violation of the provisions of a city ordinance upon that subject.

The defendants. demurred on the grounds:

"That there is no delegation of power in the City Charter of New
" Orleans to create as a misdemeanor, punishable by fine and imprison-
" ment, the non-compliance by an owner of property therein with an
" ordinance prohibiting owners of property from erecting buildings on
" their premises until they have obtained the consent of the City
" Engineer to the building of the structures (as being in conformity to
" city regulations), and until they had obtained a permit from him."

City vs. Danneman & Charleton.

"That such ordinance is unconstitutional, null and void; further,. "that an ordinance amending an ordinance declared null and void by "the Supreme Court of the State is null and void.

"That this court" (the Recorder's) "is without jurisdiction to "enforce it."

The ordinances called in question are Ordinances 6533, C. S., adopted in 1892, and Ordinance 14,804, C. S., adopted in November. 1898.

The first is known as the "Building Ordinance," and the first section provides that "no building shall be erected, or its erection commenced * * * unless plans * * * shall have first been submitted to the City Engineer, and a certificate of approval and a permit granted by him therefor," etc.

The 28th section provides that a violation of the ordinance shall constitute a misdemeanor, and that the violator (owner) shall be punished by fine and imprisonment.

This ordinance came before this court for construction in the case of State vs. Zurich, 49th Ann., 447, and it was held that there was. no delegation of power in the City Charter authorizing the city to declare infractions of the ordinance to be misdemeanors and to punish them by fine and imprisonment. This judgment was rendered in 1897. Subsequently, in November, 1898, the City Council adopted Ordinance 14,804, C. S., which provides, in different terms from, but with the same object in view as, Section 28 of Ordinance 6533, that violations of that ordinance shall be punished by fine and imprisonment.

The counsel for the appellants, arguing upon the basis of the decision in the *Zurich* case, claims that if Section 28 of Ordinance 6533 was *ultra vires* of the city, Ordinance 14,804 is equally so, and for the same reason; and this position would be unanswerable were it not for the fact that, in 1898, the General Assembly granted the authority, the lack of which was the basis of the judgment in the *Zurich* case.

*Act 143 of 1898,* provides that: "It shall be lawful for the city of New Orleans, through the several recorders thereof, to enforce obedience to, or punish the violation of, all ordinances passed by the City Council thereof, by a fine and imprisonment, or both, or by imprisonment in default of the payment of the fine."

This act was approved in July, 1898, and, thereafter, in November

of the same year, the City Council adopted the Ordinance 14,804, C. S., imposing the penalty of fine and imprisonment for violations of Ordinance 6533, C. S., and several other ordinances.

The legislative authority was no longer lacking, therefore, when the ordinance under which the appellants were prosecuted was adopted, and the decision in the *Zurich* case loses its application.

This really disposes of the whole case, for, whilst it is set up in the demurrer that the ordinance is unconstitutional, no other grounds of objection have been urged, or suggested, in the brief, save that Ordinance 14,804, and Section 28 of Ordinance 6533, involved the exercise of power not delegated by law to the city of New Orleans, from which we understand that the word "unconstitutional," as used in the demurrer, was intended to apply to that condition, and was not intended to apply, otherwise, to the "Building Ordinance," or to the act of the General Assembly, No. 143 of 1898, which is nowhere mentioned in the pleadings, or to the exercise, by the city, of the authority as delegated by that act.

The judgment appealed from is therefore affirmed.