(35 South. 529.)

No. 14,978.

STATE ex rel. CAILLOUET v. MARMOUGET, Recorder, et al.

(Oct. 15, 1903.)

JUVENILE VAGRANTS — COMMITMENT — SUPREME COURT—SUPERVISORY JURISDICTION —POLICE REGULATION — VIOLATION — ORDINANCES—ENFORCEMENT.

1. Recorders in the city of New Orleans have authority to enforce the city ordinance relating to juvenile vagrants by committing girl vagrants to the House of Good Shepherd until they shall have reached the age of eighteen (18) years.

On Rehearing.

2. At the instance of relatrix's mother, the relatrix, a girl of 17 years of age, was arrested, and taken before the recorder, under Ordinance 2272, relative to juvenile vagrants. The recorder ordered her to be committed to the House of Good Shepherd until she was 18 years of age. From this order she appealed

to the criminal district court, and that court affirmed the order. She then applied to the Supreme Court for a writ of certiorari and prohibition, and asked to be discharged on the ground that the recorder exceeded his authority in enforcing or trying to enforce an ordinance the penalty of which was different from that authorized by law, as in her case it amounted to her incarceration for six months in the House of Good Shepherd, which penalty the recorder had no right to impose.

The case is one where a widowed mother, having sought and obtained, in aid of the enforcement by herself of her parental duty towards and her authority over her minor child, the assistance of the judiciary, the minor is invoking, after judgment, the assistance of the court to resist her in her performance of that duty and the exercise of that authority, not because the mother is acting beyond her right and her authority in the premises, but on the ground that she had had recourse to officers having no authority to aid her.

3. The case does not call for the exercise of the supervisory jurisdiction of the Supreme Court. Ordinance No. 2272 is not a criminal ordinance. It is a mere administrative police regulation designed as a preventive against wrongdoing, and not as a punishment for wrongdoing. It is to guard and protect children against themselves and evil-minded persons surrounding them. Detention under it is not imprisonment. The proceedings under the ordinance were not criminal proceedings. The recorder's order was not technically a "judgment." It was a mere order of commitment, subject at any time to be set aside under proper conditions.

4. Act No. 143, p. 256, of 1898, in making it lawful for the city to enforce obedience to and to punish the violation of all ordinances through fine or imprisonment, or both, and enforce the same through the recorders of the city, did not make it obligatory upon the city to enforce each and every ordinance in that way, or narrow the extent or scope of the powers of the council in legislating upon subject-matters over which it had legal control; nor did it withdraw from the recorders their authority and their duty to enforce all valid ordinances of the city in manner, form, and extent as the ordinances themselves directed.

5. Even if the order of commitment was subject to criticism as fixing the period of detention for a certain designated time, the commitment would not be null and void in its entirety. The commitment would hold good, the period of detention being left open to be met by future contingencies.

Monroe, J., dissenting.

(Syllabus by the Court.)

Application by the state, on the relation of Theresa Caillouet, for writs of certiorari and prohibition against A. P. Marmouget, recorder of the Second Recorder's Court, and others. Writs denied.

Paul Louis Fourchy, for relatrix. Respondent Judge, pro se. M. D. Dimitry, Asst. City Atty., for respondent recorder.

BLANCHARD, J. The preliminary order granted on this application was that the defendant Recorder and defendant Judge send up the record of the case of the City of New Orleans vs. Theresa Caillouet, to the end that the validity of the proceedings taken therein by the Recorder, affirmed by the Judge of the Criminal District Court for the Parish of Orleans, be enquired into, and to the further end of determining whether or not the writ of prohibition applied for should be granted.

The papers were sent up. Examination of the same and consideration of the arguments presented, have led to the conclusion that the proceedings, against which objection is raised, are regular and valid, and that no ground exists for the issuance of the writ of prohibition applied for.

Theresa Caillouet, a girl seventeen (17) years of age, was proceeded against, at the instance of her mother, for vagrancy under City Ordinance No. 2272, Council Series of the City of New Orleans.

This Ordinance prescribes, among other things, that all children engaged in any occupation dangerous to their morals, or of a tendency to produce habits of idleness and vice, shall be deemed juvenile vagrants and shall be brought before the Mayor, or other competent court and shall be disposed of according to the laws establishing houses of juvenile delinquents and vagrants; that all boys shall be committed to the Boys' House of Refuge, and girls to the House of Good Shepherd.

The girl, Theresa, was found by the Recorder to be engaged in an occupation, or about to engage in an occupation, dangerous to her morals, and this, too, against the wishes of her mother, who, unable to control her, invoked the interposition of the Recorder.

That official committed her to the House of Good Shepherd.

An appeal was prosecuted to the Criminal District Court, which tribunal affirmed the judgment of the Recorder.

Whereupon the application aforesaid for writs of certiorari and prohibition was made here.

The contention of the relatrix is that, under the law, the jurisdiction and authority of Recorders of the City of New Orleans to punish for violation of City Ordinances is limited to a fine not exceeding Twenty-five Dollars ($25.00), or imprisonment not exceeding thirty (30) days, or both; and that in committing her to the House of Good Shepherd until she reaches the age of eighteen (18) years—a period longer than thirty (30) days he exceeds his authority.

Her further contention is that City Ordinance No. 2272, C. S., is illegal, null and void in that it provides a penalty different from that authorized by law.

Neither contention is sound.

The law cited by counsel for relatrix, limiting the jurisdiction of the Recorders to a fine of Twenty-five Dollars ($25.00), or imprisonment not exceeding thirty (30) days, applies to cases of infraction of the City Ordinances. That is to say, where an offense has been committed through violation of some City Ordinance.

It does not apply to cases arising under the Ordinance relating to juvenile vagrants, for the reason that the party proceeded against under such ordinance is not charged with the commission of any offense and is not punished by any sentence of imprisonment in the ordinary sense of that term.

When a young girl, as here, is arrested as a vagrant and is proven to be a vagrant and is ordered confined to the House of Good Shepherd, she is not, in law, imprisoned. She has committed no crime to be punished for by imprisonment. She is merely put in a house of correction to save her from herself, to preserve her morals, and she is detained there until she reaches the age of eighteen (18) years, at which time it is supposed she will have more discretion and prudence and be better able to care for herself and avoid the pitfalls that beset the pathway of young women.

The Ordinance, therefore, which authorizes this detention in the House of Good Shepherd is not one that falls within the jurisdictional limit of authority as to fine and imprisonment prescribed for Recorders in Act No. 143, p. 256, of 1898, and section 12 of Act No. 131, p. 201, of 1877.

In the law giving Recorders full power and authority to enforce all Ordinances of the City of New Orleans, is found warrant for

the action taken in the case under consideration.

The writs applied for are denied at the cost of the applicant.

MONROE, J, concurs in the decree.

On Rehearing.

(Dec. 14, 1903.)

Statement of the Case.

NICHOLLS, C. J. The prayer of relator's application to this court is "that, after inquiry into the validity and legality of the proceedings in the case of the City of New Orleans v. Theresa Caillouet, of the docket of the criminal district court, and of City Ordinance No. 2272, C. S., that said ordinance, and particularly its final clause, be declared illegal, null, and void, that the judgment and sentence of the second recorder and of the criminal district court be reversed and set aside, annulled and avoided, and the relatrix be ordered discharged without date, and for general relief."

The grounds assigned for this relief are that the said city ordinance is illegal, null, and void particularly in this: that it provides a remedy different from that authorized by law, viz., indefinite imprisonment; that the recorder exceeded his authority and jurisdiction in enforcing or trying to enforce an ordinance the penalty of which is different from that authorized by law, as in this case it amounts to the incarceration of relatrix for six months in the House of Good Shepherd, which penalty said recorder has no right to impose.

Relatrix urges that by section 12 of Act No. 131, p. 201, of 1877, the recorders of the city of New Orleans are restricted in enforcing city ordinances to those only where the penalty is by a fine not exceeding $25, and in default of payment by imprisonment not exceeding 30 days, and that is all; that by article 141 of the Constitution of 1898 the recorders of the city of New Orleans are made constitutional officers, and their jurisdiction is limited to the enforcement of legal and valid ordinances; that by Act No. 143, p. 256, of 1898 the jurisdiction and authority of recorders in the city of New Orleans to punish for violation of legal and valid city ordinances is limited to a fine not ex-

ceeding $25, or imprisonment not exceeding 30 days, or both; that this act has a saving clause reaffirming section 12 of Act No. 131, p. 201, of 1877.

The recorder, for answer to the rule to show cause, declares that the record which he annexed showed that at the time the accused was placed on trial before him she filed no demurrer to the affidavit, and went to trial, and after sentence appealed to the criminal district court; that at no time did accused ask for an appeal to the Supreme Court, which court has jurisdiction involving questions of legality and unconstitutionality of any city ordinance; and, having failed to take advantage of any appeal which she was entitled to to the Supreme Court, she admitted the legality and constitutionality of the ordinance, and appealed on the facts alone to the criminal district court, which affirmed respondent's judgment. At no time did she file any plea or exception to the jurisdiction of the Second Recorder's Court, or ask to be granted an appeal to the Supreme Court, that she might test the legality or constitutionality of the ordinance.

The district judge, for answer to the rule to show cause, urges: "That no constitutional question was raised, and, if there was any constitutional question raised, the proper tribunal before which it should have been raised would have been by appeal to the Supreme Court, and not before the criminal district court on appeal. That, so far as the jurisdiction of the Second Recorder's Court was concerned, the twelfth section of Act No. 131, p. 201, of 1877, declared that the recorders of the city of New Orleans should have full power and authority to enforce all ordinances of the city of New Orleans, and should have power for the violation of the same to impose fines not exceeding $25 for each offense, and in default of payment to sentence the party fined to imprisonment for not more than 30 days.

"That the recorder, having found the relatrix to be a vagrant, ordered that she be conveyed to the House of the Good Shepherd. That no time limit is placed upon the commitment, but that it is regulated by the ordinance, which, by its eighth section, provided that the children sent to the House of the Good Shepherd shall be detained therein until they shall attain the age of 18 years;

therefore the commitment is that she be kept in the House of the Good Shepherd until she is 18 years. That when a child is arrested as a vagrant, and she is confined in the House of the Good Shepherd, she is not, in law, imprisoned. She has committed no crime. The ordinance is preventive in its effect. It is to save children from their immature judgment from evil and from evil influences, and to detain them in the house of correction until such time as they shall reach the age of 18 years, when, in law, they are supposed to be capable of taking care of themselves. The ordinance therefore is not one which falls within the jurisdictional limit conferred upon the recorders in regard to the punishment of crimes. The recorder, while acting under the ordinances, takes the place of a father or the friend of a family, and decrees what, in his judgment, is best calculated to secure the morals of the child and her safety from evil associates. That, if the ordinance was to be governed by the laws limiting the jurisdiction of the recorders to imprisonment for the violation of any ordinances for a time not exceeding 30 days, the ordinances would be absolutely useless, and might as well be obliterated as a law, for after 30 days the child would fall into evil habits, and would probably become a lost woman."

An examination of the transcript shows that before any testimony was taken the defendant objected to going to trial under City Ordinance 2272, C. S., of May 16, 1877, because said ordinance is unconstitutional, irregular, null, and void, in that it does not fix any maximum penalty, and makes no provision for females to be committed to the House of Good Shepherd under section 7 of said ordinance.

Relatrix did not file any further pleadings in the case, but went to trial on the facts, and appealed at once to the criminal district court from the judgment.

### Opinion.

The correctness of the judgment on the facts is not before us on this application, and, if it were, it is not pretended that it was not justified by the same. We have recently held that, where a person sentenced for violation of a municipal ordinance has appealed directly to the district court, where the judgment appealed from is affirmed, he will not be permitted afterwards to test the legality or constitutionality of the ordinance through the exercise of our supervisory, instead of our appellate, jurisdiction. The legality or constitutionality of the city's ordinance is not an issue in this proceeding.

In the brief filed on behalf of relatrix it is said: "The question involved in this case is not the legality or constitutionality of City Ordinance No. 2272, but the legality and validity of a sentence and commitment in excess of the powers of the recorders' courts jurisdiction; and this can be reviewed only under your supervisory jurisdiction, so as to prevent a recorder from otherwise usurping a power, jurisdiction, and authority vested in no court."

The record does not disclose that any affidavit was made against relatrix, but does show that she was arrested at the instance and request of her mother.

In this proceeding relatrix prayed that writs of certiorari and prohibition issue. The order given by this court on that prayer was that the respondent judge should show cause why those writs should not issue. The recorder is in error in supposing that a stay of proceedings was granted. We do not know whether the judgments below have been in the meantime carried out or not. It is evident that the judgment complained of for the detention of the relatrix meets with the approval of her mother.

This case is one where a widowed mother, having sought and obtained in aid of the enforcement by herself of her parental duty to and of her authority over her minor daughter the assistance of the judiciary, the child is invoking, after judgment, the assistance of the court to restrain her in the performance of that duty and the exercise of that authority, not because the mother is acting beyond her rights in the premises, but on the ground that she has had recourse to officers having no authority to aid her.

The General Assembly of the state, after reciting who are vagrants, declares in section 3878 of the Revised Statutes of 1876 that it shall be the duty of any sheriff, constable, policeman, or other peace officer required by any person to carry the alleged vagrant before a justice of the peace of any parish or any one of the recorders of the city in which

STATE v. MARMOUGET.

he shall be for the purpose of examination, and, if the justice or other officer be satisfied by the confession of the offender or by competent testimony that he is a vagrant within the description aforesaid, he shall make a certificate of the same, which shall be filed with the clerk of the court of the parish, and in the city of New Orleans the certificate shall be filed in the office of one of the recorders, and the justice or other officer shall issue a warrant to commit such vagrant, if in the city of New Orleans, to the workhouse of the city for any time not exceeding six months, there to be kept at hard labor; or, if such vagrant be an object of charity, to some place of refuge to be provided by the common council of the city; and, if any of the parishes, in the parish jail for not more than six months; and, if such vagrant be a proper object of charity, to such place of refuge as may be provided by the parochial authorities. Section 3879 provides for juvenile vagrants, and directs that any justice of the peace of the parish or any one of the recorders of the city of New Orleans,. whenever required by any person, shall commit him to such place of refuge as may be provided by the parochial authorities to the House of Refuge of the city, and the child shall be there detained, kept, and employed and instructed in such useful labor as he shall be able to perform until discharged therefrom, under the rules of the places of refuge, or bound out as an apprentice by the administrators of the places of refuge or by the parochial authorities.

The same authority is substantially conferred upon the recorders of the city of New Orleans in respect to vagrant children in the city of New Orleans by sections 3884 and 3885 of the Revised Statutes of 1876.

By the seventh section of the Ordinance 2272 of the city council of New Orleans it was provided that children charged under that ordinance with being vagrants "should be brought before the mayor or other competent court and shall be disposed of according to the laws establishing houses of juvenile delinquents and vagrants." All boys shall be committed to the Boys' House of Refuge and the females to the House of Good. Shepherd. By the eighth section it was provided that in every case when a child shall be committed by the mayor or recorder or other

competent court to the Boys' House of Refuge under the foregoing section, such commitment shall be until such time as the said child shall have attained the age of 18 years, and any child so committed shall remain an inmate of the said house of refuge until he attains the age of 18 years.

The object of this ordinance was to bring the subject of vagrancy and vagrant children under the regulation and control of the city's authority, as it had been before under that of the state, and to bring to bear in aid of the city's authority the laws of the state upon that subject; the council adopting them and making them its own, as far as was necessary for the purpose. The ordinance in question directed that the alleged vagrants should be brought before the mayor or any competent court, and they should be disposed of according to the laws establishing houses of juvenile delinquents and vagrants.

By section 73 of Act No. 45, p. 70, of 1896 (the charter of the city of New Orleans), the recorders of that city had conferred upon them the jurisdiction of committing magistrates, and to enforce all valid city ordinances, and to try, sentence, and punish all persons who violate the same. The General Assembly, by Act No. 143, p. 256, of 1898, repealed all laws in conflict with its provisions, and enacted that it should be lawful for the city of New Orleans, through the several recorders, to enforce obedience and to punish the violation of all ordinances passed by the council thereof by fine, imprisonment, or both, or by imprisonment in default of the payment of the fine, provided that the fine shall not exceed $25 for each offense, nor the imprisonment more than 30 days, as provided by section 12 of Act No. 131, p. 201, of 1877.

The last-mentioned act, in making it lawful for the city of New Orleans to enforce the obedience to and to punish the violation of all ordinances passed by its council by fine or imprisonment or both, or by imprisonment in default of payment of the fine, and to enforce the same through the recorders of the city, did not make it obligatory upon the city to enforce each and every ordinance in that way, or narrow the extent or scope of the powers of the council in legislating upon the subject-matters over which it had legal control; nor did it withdraw from the recorders

their authority and their duty to enforce all valid ordinances of the city.

The city was left free to legislate locally in such manner as it might find best on these subjects, and to adopt (provided they were legal) such special remedies for the carrying out of those ordinances as they might deem advisable, and the recorders, just as they were before, were under legal obligation to enforce the same. They were not restricted to the enforcement of ordinances punishable by fine or imprisonment, or both, but were under legal obligation to enforce them in manner, form, and extent as the ordinances themselves called for.

The motive of the General Assembly in enacting Act No. 143 of 1898 seems to have been to extend the power of the city to punish by fine and imprisonment violation of its ordinances so as to include classes of ordinances supposed at that time not to be covered by their existing powers. See City of New Orleans v. Danneman & Charlton, 51 La. Ann. 1093, 25 South. 931.

The issue in this proceeding as raised is a narrow one—whether the judgment or order of the recorder (affirmed by the district judge) was or was not such as he was justified or warranted in making.

The theory of relatrix, as we understand it, is that the proceeding before the recorder was a criminal proceeding, and the only judgment which could be rendered in the case was one inflicting a fine or imprisonment, or both; the fine not to exceed $25, and the imprisonment not to exceed 30 days.

In our original opinion we said that the proceeding before the recorder was not a criminal proceeding, nor was the order made by him an order for the imprisonment of relatrix.

We have not changed our views on that subject. The ordinance referred to was not a "criminal" ordinance, nor the proceedings under it "criminal" proceedings. The recorder's order was not a "judgment." Technically it was a mere order of commitment, which was subject to be set aside at any time under proper conditions. The detention of the relatrix was not by way of punishment, but was designed for her good and welfare, to protect her against herself and from evil-minded parties surrounding her. The ordinance was an administrative police regula-

tion, designed as a preventive against wrong-doing, and not a punishment for wrong already committed.

We understand relatrix to complain that, even if the recorder's order was of the character we have mentioned, he was not warranted in fixing the particular time during which she should be detained.

The period of time mentioned did not conclude her. It was subject to change by reason of altering conditions. But, even if it were subject to criticism, it would not be null and void in its entirety, nor would we be justified in discharging her. The commitment must hold good; the period for the detention being left open to be met by future contingencies (Ex parte Watkins, 7 Pet. 568, 8 L. Ed. 786; Ex parte Mooney, 26 W. Va. 36, 53 Am. Rep. 59), and it is so decreed.

Our original judgment remains unchanged.

MONROE, J., dissents.