RED LAKE FALLS MILLING COMPANY v. CITY OF THIEF RIVER FALLS
and Others.[1]

October 22, 1909.

Nos. 16,294—(49).

**City Ordinance — Fire Limits.**

> A city ordinance established fire limits and declared it unlawful for any person "to erect or attempt to erect within the above-described fire limits any wooden building." *Held*, the moving of an already constructed wooden building from a point outside to a location within such fire limits was within the prohibition of the ordinance.

Action in the district court for Red Lake county against the city of Thief River Falls, Henry Grundy, its mayor, and Erick O. Erickson, its superintendent of police.

The complaint alleged plaintiff obtained from the Great Northern Railway Company a license to occupy as a site for a grain elevator specified premises on its right of way in defendant city, made a contract to have a certain elevator building moved to those premises, and the contractor did move the same to said site; that defendants caused the specified premises to be occupied with special police officers, caused warrants to be issued for all the men employed in moving the building and arrested and jailed them. That the amendatory ordinance under which defendants claimed to act was not entitled as required by the charter of the city (Laws 1895, c. 8) and that reference in the title of the amendatory act to an ordinance No. 69 was wholly arbitrary and without authority of law. That there was no ordinance in the city prohibiting the moving of said building on said site. That the amended city ordinance under which defendants claimed to act was void and prayed that defendants be restrained from interfering with plaintiff in moving its building. The answer set up as a defense that the premises specified were within the fire limits of defendant city and the acts of the plaintiff were in violation of certain ordinances of defendant city.

[1]Reported in 122 N. W. 872.

Plaintiffs were granted a temporary injunction. Certain facts were stipulated. It was also stipulated that the original ordinance was designated and numbered by the city clerk before its passage as Ordinance No. 69 and that the ordinance was duly passed with that number and that the amendatory ordinance was duly passed. At the close of plaintiff's case upon the trial, defendants moved to have the action dismissed upon the pleadings, for the reason that the complaint did not set forth a cause of action and that no issue had been raised by the pleadings. The motion was denied, Watts, J. Thereafter the court filed findings of fact and ordered judgment against defendants. From the decree entered pursuant to the order for judgment, defendants appealed. Reversed and new trial ordered.

*G. Halvorson,* for appellants.

*E. M. Stanton* and *Martin O'Brien,* for respondent.

O'BRIEN, J.

The council of the city of Thief River Falls, by an ordinance approved March 12, 1907, establishing fire limits within the city, provided: "It shall be unlawful for any person to erect or attempt to erect within the above-described fire limits any wooden building. * * *" On July 16, 1907, the ordinance was amended by enlarging the protected territory. The amendment placed within the prohibited territory a portion of the railroad right of way adapted for the establishment of elevators and similar structures. At the time of the approval of the last ordinance the plaintiff had made preparations to move its fully constructed wooden building, a grain elevator, to a new location upon the right of way. Neither the original nor the proposed site of the elevator was within the fire limits as first established. The last ordinance, however, extended those limits so as to include the new or proposed site. The plaintiff, disregarding the ordinance, began to remove the elevator, and the municipality, through its police force, prevented the placing of the building upon the proposed location. This suit was brought to restrain the city and its officers from further interference. The case was submitted upon stipulated facts, and judgment was entered for plaintiff.

The defendants contend that the complaint did not state a cause of action, and that, even if the stipulated facts sustained the trial court's conclusions, the action must be dismissed. We cannot agree to this proposition. If, upon all the facts properly and without objection before the court, a plaintiff is entitled to judgment, it should be so rendered, and, if necessary, the complaint amended, so as to cure any variance between the pleading and the proof. Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638.

We hold, however, that the ordinance as amended was sufficiently broad to prohibit the removal of a fully constructed wooden building from a point outside of the established fire limits to a location within those limits. The language of the ordinance is that it shall not be lawful to "erect" any wooden building, and it is insisted that this language does not prohibit the placing or establishment of a building of that character within the prohibited territory, if it was constructed outside the prescribed limits. This seems altogether too narrow a construction to place upon the language of the ordinance. It is true that ordinarily the word "erect" has a different meaning from the word "move;" but it is not true that to erect a building means the present construction and adjustment of its component parts to the smallest detail. Thus, in this instance, the construction of the foundation, supports, or driveways for the elevator in its new location would be pro tanto an erection of the building. We think the language of the ordinance is sufficient to make it unlawful to place within the fire limits a building not there before.

The plaintiff claims the ordinance was void because of excessive penalties provided for its violation. The propriety of the penalties is not involved in this suit, and excessive penalties ordinarily do not render void other and independent parts of a law or ordinance adopted by a legislative body in the exercise of its police power. Willcox v. Consolidated Gas Co., 212 U. S. 19, 29 Sup. Ct. 192, 53 L. Ed. 382.

We do not agree with plaintiff's claim that the enforcement of the ordinance would deprive it of a vested right under section 2106, R. L. 1905, which requires railways to permit the construction of

elevators upon the right of way. The statute makes no provision as to the materials of which the building is to be constructed, and the ordinance, if a reasonable regulation, does not conflict with the statute of the state. The plaintiff had no vested rights under the statute. Pearsall v. Great Northern Ry. Co., 161 U. S. 646, 16 Sup. Ct. 705, 40 L. Ed. 838.

If the respondent's claim that the ordinance was unreasonable as applied to the particular location proposed for the elevator had been made an issue and litigated in the district court, there were, as the record shows, many circumstances tending to sustain that claim; but no such issue was made, nor do we consider it was an issue tried by mutual consent, upon which evidence was received. It was not mentioned by the learned trial judge in his findings or memorandum, and the brief description given of the situation is not sufficient to enable this court to come to a final conclusion upon that question. It is unusual to find fire limits in cities of the size of Thief River Falls extended as in this ordinance; but, before the ordinance can be held to be unreasonable, the circumstances surrounding the locality must be shown with considerable detail, as well as each circumstance bearing upon the question. If upon a proper application to the district court the complaint is amended, so as to present an issue as to the reasonableness of the ordinance, the question will be for trial in that court.

The judgment appealed from is reversed, and a new trial ordered.