# SMITHSON *v.* DISTRICT OF COLUMBIA.

DISTRICT OF COLUMBIA; MUNICIPAL CORPORATIONS; PENALTIES; BUILDING
REGULATIONS; STATUTES.

1. The commissioners of the District of Columbia have only such powers
   as have been delegated to them by Congress.
2. The imposition of a pecuniary penalty is included within the power of
   enforcement given the commissioners of the District of Columbia by
   the act of Congress of June 14, 1878, authorizing them to make and
   enforce building regulations.

No. 2643.   Submitted March 5, 1914.   Decided April 6, 1914.

In ERROR to the Police Court of the District of Columbia to
review a judgment convicting defendant of erecting a frame
shed within the fire limits in violation of building regulations.
*Affirmed.*

The COURT in the opinion stated the facts as follows:

This case is before us on a writ of error to the police court.
Clinton C. Smithson, plaintiff in error, was tried on an in-
formation charging him with erecting a frame shed within the
fire limits, in violation of the building regulations. His demur-
rer and special plea were overruled, and upon hearing he was
adjudged guilty and sentenced to pay a fine of $5; and that in
default of said fine he be committed to jail for fifteen days.

Though raised in several forms, there is but a single question
involved. Was it within the power conferred upon the com-
missioners of the District to enact building regulations and to
provide penalties for their violation?

The act approved June 14, 1878, is that the commissioners
are hereby "authorized and directed to make and enforce" build-
ing regulations, etc.

*Mr. George C. Gertman* and *Mr. John Ridout* for the plaintiff in error.

*Mr. Conrad H. Syme* and *Mr. Robert L. Williams* for the District of Columbia.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Undoubtedly, the commissioners have such powers only as have been delegated to them by Congress. But in this case the delegation seems intended to be complete. Congress, in legislating for the District, sometimes enacts a regulation looking to the public safety, and provides the penalty for its enforcement. Sometimes it may provide a penalty for the enforcement of regulations which it authorizes the Commissioners to make. In the matter of the enactment of building regulations, which require technical knowledge and intimate acquaintance with the many local conditions, Congress expressly delegated to the commissioners not only the power to make the regulations, but also to enforce them.

The law of implied powers, generally, is thus stated by Judge Dillon in his treatise on the law of Municipal Corporations (vol. 2, 5th ed. sec. 610) : "Implied power to annex pecuniary penalties.—Since an ordinance or by-law without a penalty would be nugatory, municipal corporations have an implied power to provide for their enforcement by reasonable and proper fines against those who break them. So, the right to make by-laws gives to the corporation, without any express grant of power, the incidental right to enforce them by reasonable pecuniary penalties. What is reasonable depends upon the nature of the offense and the circumstances."

See also Tiedeman, Mun. Corp. sec. 154; *Mobile* v. *Yuille,* 3 Ala. 137, 143, 36 Am. Dec. 441; *Goldsmith* v. *Huntsville,* 120 Ala. 182, 185, 24 So. 509; *State* v. *O'Neil,* 49 La. Ann. 1171, 1173, 22 So. 352; *Bearden* v. *Madison,* 73 Ga. 184, 186; *Winooski* v. *Gokey,* 49 Vt. 282.

The section quoted above, and which is supported by the cases cited, goes farther than the conditions of this case require. Here the power is given not only to enact regulations, but also to enforce them; and, without affirming or denying the broad proposition, we are of the opinion that the power to enforce clearly included the power to enact all reasonable regulations to secure the enforcement with which the commissioners are charged. The provision of a pecuniary penalty is a reasonable mode of enforcement.

The judgment is right and is——                    *Affirmed.*