DAWKINS, J.
The city of Crowley appeals from a judgment of the city court dismissing a charge against the defendant for violating the fire ordinance of said city on the ground that said ordinance was illegal and void as exceeding the powers of the city under its charter.
The city of Crowley is incorporated under the Act No. 136 of .1898. Paragraph 8 of section 16 of that act grants to cities and *521 towns incorporated thereunder, among other powers, the right—
“to provide for the prevention and extinguishment of fires, and to organize, establish, and maintain a fire department and to regulate same; to establish fire limits, to regulate, restrain or prohibit the erection of wooden buildings within such limits as may be prescribed by ordinance, and to provide for the removal of same at the expense of the owner thereof when erected contrary to the ordinances of the municipality.”
And paragraph 13 of section 15 empowers them—
“to make all needful police regulations necessary for the provisions of good order and the peace of the municipality; and to prevent injury to, destruction of, or interference with public or private property.”
Defendant was charged with removing a wooden frame building from one lot to another in said city in violation of the Ordinance No. 73, against the construction or erection of wooden buildings within said sfire limits, the second section of which reads as follows:
“See. 2. That erection includes removal from one lot to another, and the annexing to present buildings, now erected, of any addition of any nature made, framed in wood, covered either in boards, shingles, tin or iron sheeting, or any combustible materials.”
Counsel for the city contends that the power to prevent the erection of a wooden building within the fire limits includes the right to prohibit the removal of such a structure from one lot to another within such district, and that the power is inherent in all municipal corporations, independent of statute or express law, by virtue of their police power, to enact and enforce all reasonable regulations for the safety, health, etc., of their inhabitants, and that this includes the right to provide reasonable rules for the prevention of fires. On the other hand, counsel for defendant argue that the city’s power is limited by its charter, and that the power to prevent the erection and to compel the destruction of wooden buildings erected in violation of such restrictions does not include the right to prevent such removal from one lot to another within the fire district.
The decided weight of authority supports the contention of the city both as to the interpretation of the language of the statute with reference to the “erection” of a building and as to its rights under the police power. In R. O. L. vol. 4, p. 403, it is said:
* “The weight of authority is that a prohibition against the erection of a wooden building within established fire limits operates to prevent the removal of a building from one part of a fire district to another.”
The following cases are cited in support of the text; Kaufman v. Stein, 138 Ind. 49, 37 N. E. 333, 46 Am. St. Rep. 368; Wadleigh v. Gilman, 12 Me. 403, 28 Am. Dec. 188; Red Lake Falls Milling Co. v. Thief River Falls, 109 Minn. 52, 122 N. W. 872, 24 L. R. A. (N. S.) 456, 18 Ann. Cas. 182; Eureka City v. Wilson, 15 Utah, 67, 48 Pac. 150, 62 Am. St. Rep. 904.
Even conceding that the terms of paragraph 8 of section 16 of the Act 136 of 1898 are not broad enough to cover the removal of a wooden building from one lot to another within the fire district, we think the general grant of power, if such were necessary; is included in the paragraph 13 of section 15 of said act, quoted above, which gives to municipal corporations organized thereunder the right to enact all such “needful police regulations * * * to prevent injury to, or destruction of * * * public or private property.” It could very easily happen that the. moving of a wooden structure from an isolated position in the fire district to within close proximity to other buildings would greatly increase the fire hazard, as well as the insurance rate upon other property, and an ordinance prohibiting such would clearly be for the purpose of preventing *523 injury to or destruction of such other buildings. But this court has said, in the case of City of Monroe v. Hoffman, 29 La. Ann. 656, 29 Am. Rep. 345:
“There has been great diversity of opinion as to the power of municipal corporations to restrict the right of property, by forbidding the owner to put up such buildings as he may choose, that is, of such materials as his taste or convenience may induce him to. prefer; but we have no hesitation in saying that such regulations, applicable to cities and towns compactly built, fall within the police power of municipal corporations; and the maxim, ‘Sic utere tuo ut alienum non l^das,’ forbids the owner so to use his property as to imperil that of his neighbors, or to endanger their lives or their health. We think a municipal corporation might, without a special legislative grant of power to that effect, prohibit the erection of works and factories, and the pursuit of industries within the corporate limits, which would be injurious to the public health and destructive of the comfort of the inhabitants, by subjecting them, in the crowded streets, to nauseous smells and sickening odors; and the right to prohibit the erection of structures of wood and other combustible materials in the compactly built parts of a city or town, by which the property of the other inhabitants would be subjected to constant risk of fire, falls within the same general police powers, and exists and must exist, ex necessitate, without special legislative authority.”
And in the case of State v. O’Neil, 49 La. Ann. 1171, 22 South. 352, in the syllabus, it was said:
“The prohibition of the erection or reconstruction in wood of buildings within what are termed the fire limits is within the scope of municipal government and recognized by the charter of New Orleans.”
. The accused in that case was charged with violating an ordinance prohibiting the erection or reconstruction in wood of a building within the fire limits, and the only provision in the charter of the city of New Orleans <Act No. 45 of 1896) was that contained in section 14, giving “the council * * * power and it shall be their duty to pass such ordinances, and to see to their faithful execution, as may be necessary and proper: (1) to preserve the peace and good order of the city; * * * (5) to adequately provide for the maintenance of an e&cient police force and fire department;” but it was held, that the general municipal power as indicated in section 8 of a former charter (Act No. 20 of 1882), giving the city the right “(8) to determine within what limits wooden buildings shall not be erected and to prevent the reconstruction in wood of old buildings within such limits,” was sufficient to sustain the power of the city to pass an ordinance covering the matter in question.
See, also, City of Richmond v. Dudley, 129 Ind. 112, 28 N. E. 312, 13 L. R. A. 587, 28 Am. St. Rep. 180; City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659; Smith v. Milwaukee Builders’ & Traders’ Exchange, 91 Wis. 360, 64 N. W. 1041, 30 L, R. A. 504, 51 Am. St. Rep. 912; City of New Orleans v. Danneman, 51 La. Ann. 1093, 25 South. 931; Teutonia Ins. Co. v. O’Connor, 27 La. Ann. 371; City of New Orleans v. Board of Fire Com’rs, 50 La. Ann. 1000, 23 South. 906; Wheeler v. Board of Fire Com’rs, 46 La. Ann. 731, 15 South. 179.
Counsel for defendant cites and relies upon the case of State v. Schuchardt, 42 La. Ann. 49, 7 South. 67, as being contrary to the doctrine above announced. However, that was a case in which the city of New Orleans had passed an ordinance prohibiting the repairing, etc., of any building, except with noncombustible materials, and the defendant had been convicted thereunder for repairing the roof of his building with wooden shingles of the same kind with which it was covered, and it was held that this did not fall within the terms of the section 8 of Act No. 20 of 1882, above quoted. If a distinction between that and the present case were needed, it would be sufficient to say that what the defendant in the Schuchardt *525 Case was doing in no way increased or added to the' risk or fire hazard, hut rather tended to diminish it hy the repairing of a decayed roof; while the removal of a wooden building from one place to another within the fire district may easily increase the possibility of fire. It was said in the Schuehardt Case:
“Now, the power in a municipal corporation to control the owners of property within its limits in using or building their property in a manner different from their inclination, desire, or convenience cannot be ranked among the implied and incidental powers which such corporations may exercise in the absence of express legislative mandates. It is a useful power, presumably necessary to provide for the greatest good of-the greatest number, but it is, at the same time, a power in derogation of common right, and, unless it be expressly conferred, it will never be presumed to exist.”
No reference whatever was made to the Hoffman Case, supra, and we must conclude that what was said was intended to apply only to such acts and uses as were not inherently dangerous or detrimental to the safety of the inhabitants and property within a municipality; for otherwise a municipality would be powerless, in the absence of express legislative grant, if this doctrine Were carried to the extreme limit, to protect the morals and health of its inhabitants, no matter how vicious or insanitary the conditions might become through the use of premises by their owners. Such is not the law, and would be contrary to the well-recognized police power inherent in municipalities. McQuillin’s Municipal Ordinances, p. 670, § 434.
The contention made in brief that the ordinance was not adopted hy a yea and nay vote is not sustained by the record. The copy of the proceedings of the municipal council brought up with the record shows that it was so passed.
For the reasons assigned, the judgment appealed from is annulled and reversed, and this case is hereby remanded to the court below for further proceedings according to law and the views herein expressed.