Jarrard v. The State.

No. 14,496.

JARRARD v. THE STATE.

REFORM SCHOOL FOR BOYS.—*Act of 1883.*—*Title Sufficient to Embrace Subject-Matter.*—The title of the act of 1883 (Acts of 1883, p. 19), changing the name of the House of Refuge, etc., is sufficiently comprehensive to embrace section 9 of the act, which provides for the commitment of boys to the "Indiana Reform School for Boys."

SAME.—*Legislature May Provide for Reformation of Boys.*—The Legislature has power to provide for the reformation of boys who are entering upon a career of vice, by prescribing measures for committing them to a reformatory institution. Const., sec. 2, art. 9.

SAME.—*Commitment.*—*Method of Procedure Lawful.*—The act of 1883 provides a method for ascertaining by a judicial investigation, in a court of general superior jurisdiction, whether there is cause for taking boys from their parents and placing them in the reform school, and, therefore, it is not an arbitrary proceeding.

SAME.—*Complaint.*—*Sufficiency of Facts.*—A complaint by a guardian showing that he can not, because of his advanced age, exercise the control necessary to prevent his ward from becoming an evil member of society, and alleging that the ward is vicious and that he associates late at night with immoral, drunken and dissolute persons, at his own pleasure, is good.

From the Steuben Circuit Court.

*D. E. Palmer, F. S. Roby* and *J. F. Shuman,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The appellant was committed to the Reform School upon the complaint of George Reading.

The act of 1883 is entitled "An act designating a name by which the House of Refuge for the correction and reformation of juvenile offenders shall hereafter be known ; providing for the appointment of commissioners, and their compensation, and prescribing their powers and duties ; regulating the commitments thereto ; and for the more efficient and uniform government of said institution ; authorizing the Governor to

commute the sentences of boys under twenty-one years; declaring how the expenses of maintaining the institution shall be paid ; repealing all laws in conflict with this act, and declaring an emergency." Acts of 1883, p. 19.

We have no doubt that the title is sufficiently clear and comprehensive to embrace section 9 of the act, which provides for the commitment of boys to the " Indiana Reform School for Boys." The title of the act contains the clause " regulating commitments thereto," and this certainly embraces section 9. Under our decisions we have little doubt that the title would be sufficient without that clause.

The Legislature had power to enact the statute under examination. The object of the statute is not to punish, but to reform. Boys are sent to the school not as criminals to punishment, but to prevent them from becoming criminals. We do not deem it necessary to enter upon a discussion of this question, for we think it settled in accordance with principle that the Legislature has power to provide for the reformation of boys who are entering upon a career of wickedness, by prescribing measures for committing them to a reformatory institution. *Ex Parte Crouse,* 4 Whart. 9 ; *Milwaukee Industrial School* v. *Supervisors, etc.,* 40 Wis. 328 ; *Roth* v. *House of Refuge,* 31 Md. 329 ; *Petition of Ferrier,* 103 Ill. 367 ; *County of McLean* v. *Humphreys,* 104 Ill. 378.

But we need not look beyond our own Constitution for authority, for that provides that the Legislature may provide for the establishment of " houses of refuge for the correction and reformation of juvenile offenders." Section 2, article 9.

We do not hold, or mean to hold, that boys can be arbitrarily taken from their parents or guardians and committed to a reformatory school. We sanction no such doctrine. What we here hold, is that where parental restraint is not strong enough to prevent boys from becoming evil members of society, the law may interfere and place them where they may be restrained and reformed. The act before us provides a method for ascertaining by a judicial investigation, in a

court of general superior jurisdiction, whether there is cause for taking bad boys from the control of parents · and placing them in charge of the officers of the commonwealth, and it can not, therefore, be justly said that it arbitrarily takes children from their parents.

The complaint shows that the appellant's guardian, because of his advanced age, can not exercise that control and restraint which is necessary to prevent the appellant from becoming an evil member of society, and it shows, also, that he is vicious, and associates "late at night with immoral, drunken and dissolute persons, at his own pleasure." We agree with appellant's counsel that some of the statements of the complaint are trifling and ridiculous, but there is enough in it to make it good.

Judgment affirmed.

Filed Sept. 19, 1888; petition for a rehearing overruled Nov. 13, 1888.