[Crim. No. 81. In Bank.—January 2, 1896.]

## Ex parte WILLIAM E. NICHOLS, on Habeas Corpus.

Constitutional Law—Preston School of Industry—Detention and Education of Minor Offenders.—The act of March 11, 1889, establishing the Preston School of Industry is constitutional, the legislature having the power to provide for the detention and education of minor offenders; and the fact that the term of detention is made greater by the judgment of the court than the term of the longest imprisonment in the county jail allowed for the same offense does not render the act invalid; nor can it be said that the punishment inflicted is greater than can be put upon an adult for the same offense, the object of the act being not punishment, but reformation, discipline, and education, and to afford the juvenile offender the opportunity and instruction to learn a trade, and to qualify himself for the duties of citizenship.

Id.—Habeas Corpus—Commitment for Petit Larceny—Jurisdiction of Justice's Court—Felony—Transfer of Boys from State Prison. A juvenile offender sentenced by the justice's court for petit larceny to the Preston School of Industry until he is twenty-one years of age is not punished as for a felony beyond the jurisdiction of the justice's court; and the fact that the act provides that any boy under eighteen years of age who is serving a sentence in any state prison, who shall be deemed a fit subject for training in said school, may, upon the recom-

mendation of the board of prison directors and the approval of the governor, be transferred to said school, and, when honorably discharged therefrom, shall be entitled to such benefits and immunities as are provided for other inmates thereof, does not turn the school into a state prison, but such transfer is in effect a commutation by the governor, and an offender sentenced by the justice's court cannot be released upon *habeas corpus* upon the ground that such transfer may be made from the state prison.

HEARING in the Supreme Court upon writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*N. S. Wirt*, for Petitioner.

Any law extending the jurisdiction of a court of limited jurisdiction out of its territory is unconstitutional. (*State* v. *Shropshire*, 4 Neb. 412.) The maximum term of imprisonment for petit larceny and all other misdemeanors not specially provided for is six months. (Pen. Code, sec. 490.) No state shall deny to any person within its jurisdiction the equal protection of the laws. (U. S. Const., art. XIV, sec. 1; Const., art. 1, sec. 21; *Ex parte Virginia*, 100 U. S. 339–47; *Missouri* v. *Lewis*, 101 U. S. 30; *Yick Wo* v. *Hopkins*, 118 U. S. 369; *In re Converse*, 137 U. S. 630–32.) The Preston school is not the place allowed by law to detain the defendant. (Const., art. I, sec. 11; Pen. Code, sec. 1487.) The judgment in this case, which is in excess of the time fixed by law, is void. (*Ex parte Bulger*, 60 Cal. 438; *In re Graham*, 138 U. S. 461.) The sentence in this case should have been to the county jail. (*Ex parte Bernert*, 62 Cal. 524; *In re Mills*, 135 U. S. 263; *Ex parte Lange*, 18 Wall. 163.)

*Charles H. Jackson, Deputy Attorney General, contra.*

McFARLAND, J.—The petitioner, William Nichols, asks, on a writ of *habeas corpus*, to be discharged from the custody of Carl Bank, superintendent of the Preston School of Industry, situated in Amador county. He was convicted in a justice's court of petit larceny, and, being under the age of eighteen years, the justice ad-

judged that he was a fit subject for·commitment to said school, suspended judgment, and committed him to said school until he should be twenty-one years old, unless sooner legally discharged. The commitment was approved by the superior judge of the county, as provided by section 16 of an act entitled "An act to establish a school of industry," approved March 11, 1889, under which act the proceedings here complained of were had. (Stats. 1889, pp. 100–06.)

Petitioner assails the constitutionality of said statute mainly upon the grounds that it is unequal in its operation, because under it an adult can be punished for petit larceny by imprisonment in the county jail for only six months, while a minor may, for the same offense, be sent to said school for a much longer period; that a justice's court has no jurisdiction in such a case to impose imprisonment for more than six months; that the statute is a special law regulating jurisdiction of a justice's court, etc. These and similar objections to the statute are answered against petitioner's contention by the case of *Ex parte Liddell*, 93 Cal. 633. That case involved the validity of the act by which the Whittier Reform School was established (Stats. 1889, p. 111), and its provisions, so far as these questions are concerned, are similar to those of the statute here under review. In answer to similar objections there made, this court, in Bank, through Patterson, J., said: "There can be no question as to the power of the legislature to provide for the detention and education of juvenile offenders, as it has done in this act; and the provisions of the act are not obnoxious to the criticism that it prescribes unjust or unequal penalties. It is true the term of detention at the reform school may be made greater by the judgment of the court than the term of the imprisonment in the county jail or in the state prison for the same offense would be; but it cannot be said that the punishment inflicted is greater than could be put upon an adult for the same offense. The object of the act is not punishment, but reformation, discipline, and education. (Pen.

Code, sec. 12.) While detained for a longer period, per-
haps, than he would be if sent to state prison or the
county jail, the conditions surrounding the child are
vastly different. He is given the opportunity and in-
struction to learn a trade and qualify himself for the
duties of citizenship, so that at the end of his term he
will go out prepared to take care of himself and those
dependent upon him without the odium which attaches
to an ex-convict. There is no doubt of the power of the
state to make and enforce provisions for the compulsory
education of all children within the state; and it is
equally clear that the state may arrest the downward
tendency of those who have offended against its laws and
manifested a disposition to follow a criminal career, by
placing them in an institution where they will receive
the care, education, and discipline necessary to prepare
them for honorable citizenship."

It is contended that under a certain provision con-
cerning the Preston school which is not contained in
the act creating the Whittier school, sending the peti-
tioner to the latter school was in fact sending him to a
state prison, and thus making a felon of him, which the
justice's court had no jurisdiction to do. But this con-
tention cannot be maintained. The provision in ques-
tion is that any boy under eighteen years old who is
serving a sentence in any state prison, and who shall be
deemed a fit subject for training in said school, may,
upon the recommendation of the board of prison direc-
tors, and *the approval of the governor*, be transferred to
said school, and that said boy, "when honorably dis-
charged from said school, as hereinbefore provided, shall
be entitled to such benefits and immunities as are pro-
vided for the other inmates of the institution." Taking
a boy *out* of the state prison and putting him in the
school, with the "benefits and immunities" of its other
inmates, is certainly not turning the *reform school into
a state prison*. It is, in fact, a commutation by the gov-
ernor; and the boys thus sent to the school, if honorably
discharged, are "released from all penalties and *disabil-*.

*ities* resulting from the offenses or crimes for which they are committed."

The petitioner is remanded and the writ dismissed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J., BEATTY, C. J., TEMPLE, J., and HENSHAW, J., concurred.