# Supreme Court of Judicature

OF THE

## STATE OF INDIANA

AT INDIANAPOLIS, NOVEMBER TERM, 1901, AND MAY TERM, 1902, IN THE EIGHTY-SIXTH YEAR OF THE STATE.

---

| 158 | 1 |
| 170 | 245 |
| 170 | 247 |

## WILKISON v. BOARD OF CHILDREN'S GUARDIANS OF MARION COUNTY.

[No. 19,562. Filed January 14, 1902.]

CONSTITUTIONAL LAW.—*Amendatory Act.*—*Title.*—*Board of Children's Guardians.*—The judgment of the trial court in a proceeding by the board of children's guardians for the control and custody of a child will not be reversed on appeal because of the unconstitutionality of the amendatory act of 1891 (Acts 1891, p. 369) in that the original act of 1889 limits the proposed legislation creating boards of children's guardians to townships having a population of more than 75,000, without regard to any particular census, while the amendatory act attempts under the title of the original act so to change and extend the latter act as to make it embrace and apply to counties, instead of townships, having a population of more than 75,000 as shown by the census of 1900, in violation of article 4, §19 of the State Constitution that "every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title," etc., where the proceedings were authorized by the original act, since if the amendatory act in question is void the original act of 1889 is not affected thereby. *pp. 2–7.*

SAME.—*Board of Children's Guardians.*—*Serving Without Compensation.*—A defendant to a proceeding by the board of children's guardians for the custody of a child, cannot question the constitutionality of the act creating such board in that the act provides that

the members of the board shall serve without compensation, which provision is in conflict with §21 of the bill of rights "that no man's particular services shall be demanded without just compensation." *pp. 7, 8.*

CONSTITUTIONAL LAW.—*Board of Children's Guardians.—Appointment of Members of Board.*—The act of 1889 (Acts 1889, p. 261), and amendments, creating a board of children's guardians is not violative of article 3, §1 of the Constitution in that it attempts to delegate executive power to the circuit court by investing that tribunal with the authority to appoint the members of the board. *p. 8.*

SAME.—*Board of Children's Guardians.—Custody of Child.—Hearing.—Notice.*—The act of 1889 (Acts 1889, p. 261) creating a board of children's guardians is not unconstitutional in that it invests the "court with the power to try the right of the liberty of any child under the age of fifteen years without the service of a summons, warrant, or process of any kind upon such child," since the statute provides that notice shall be served upon the parent or person having the actual control or custody of the child before such hearing is had. *pp. 8, 9.*

From Marion Circuit Court; *H. C. Allen*, Judge.

Proceeding by the Board of Children's Guardians of Marion County against Martin V. Wilkison to obtain the custody and control of Zola Rankin. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*H. E. Negley, R. M. Miller* and *H. C. Barnett*, for appellant.

*W. W. Woollen* and *E. Woollen*, for appellee.

JORDAN, C. J.—On the 13th day of October, 1900, the board of children's guardians filed its verified petition in the circuit court of Marion county, Indiana, whereby it alleged that Zola Rankin, a female child of the age of eleven years, was in the actual control and custody of appellant, Wilkison, who resided in the city of Indianapolis, county and State aforesaid. It was further averred in the petition that the parents of the said girl had abandoned her and that their names were unknown to the petitioner, and that appellant was not related to her, and had no legal right to her custody, and that his associations and manner of living, etc., were such as tended to corrupt and contaminate the life of said

Wilkison *v.* Board of Children's Guardians.

girl; and the prayer of the petition was that she be committed by the court to the custody and control of the board until the further order of the court. Appellant was made a party defendant to the proceeding, and duly served with notice, and in pursuance thereof appeared in court and unsuccessfully interposed a plea in abatement to the proceeding, and subsequently demurred to the petition, which demurrer was overruled; and thereupon he filed his answer, denying the facts alleged in the pleading, and setting up affirmative matter as defense to the proceeding. On a trial by the court there was a finding in favor of the appellee on its petition, and, over appellant's motion for a new trial, the court ordered and adjudged that the custody and control of the girl in question be awarded to the appellee.

The only questions raised and discussed by appellant relate to the alleged unconstitutionality of the statute providing for the establishment of a board of children's guardians, and the invalidity of the several amendments of the original act. Counsel for appellant in their brief say: "If these acts are unconstitutional and void, as claimed by the appellant, the court erred in not finding for the defendant on such plea in abatement; and, having found for petitioner on said plea in abatement, the court erred in not sustaining appellant's demurrer to said petition; and, having found for the petitioner on the trial of the cause, the court erred in not sustaining appellant's motion for a new trial of said cause, for reasons assigned therein."

The original act under which boards of children's guardians were created was approved March 9, 1889 (Acts 1889, p. 261), and was entitled "An act to establish a board of children's guardians in townships having a population of more than 75,000 persons; defining the powers and duties of such boards, * * * and declaring an emergency." The first section of this act reads as follows: "That in all townships having a population of more than 75,000 persons there shall be created a board, composed of six persons, three

of whom shall be women, which board shall be a body politic and corporate, known as 'The Board of Children's Guardians of .......... Township,' and in such name sue and be sued. The members of such board shall be appointed by the circuit court of the county in which such townships are situate, and shall serve without compensation. Two members of such board shall serve one year, when their successors shall be appointed, who shall serve three years; two members shall serve two years, when their successors shall be appointed, who shall serve three years; two members shall serve three years, when their successors shall be appointed, who shall serve three years; and anually thereafter there shall be appointed two members of such board, who shall serve three years." In 1891 an act to amend the statute of 1889 was passed by the legislature. See, Acts 1891, p. 365. This latter act was entitled as follows: "An act to amend an act entitled, 'An act to establish a board of children's guardians in townships having a population of more than 75,000 persons, defining the powers and duties of said board, providing for a special tax for the establishment and maintaining of homes under the care of such boards, and declaring an emergency,' approved March 9, 1889."

In the body of this amendatory act it is declared, "That §1 of an act entitled 'An act to establish a board of children's guardians in townships having a population of more than 75,000 persons, * * * approved March 9, 1889,' be amended so as to read as follows: Section 1. That in all counties of this State which have a population of more than 75,000 inhabitants, as shown by the United States census for the year 1890, there shall be created a board composed of six persons, three of whom shall be women, which board shall be a body politic and corporate, known as the Board of Children's Guardians of .......... County, and in such name may sue and be sued. The members of such board shall be appointed by the circuit court of the county in which such townships are situated, and shall serve with-

out compensation. Two members of such board shall serve one year, when their successors shall be appointed, who shall serve three years. Two members shall serve two years, when their successors shall be appointed, who shall serve three years. Two members shall serve three years, when their successors shall be appointed, who shall serve three years; and annually thereafter there shall be appointed two members of such board, who shall serve three years."

A comparison of §1 of the act of 1889 with the section as amended by the act of 1891 discloses that, with the exceptions that the limitation of the original act is so changed or altered as to extend or make it apply to counties, instead of townships, which have a population of 75,000 and over, as shown by the United States census of the year 1890, and the board instead of being known as the "Board of Children's Guardians of .......... Township," is to be known as the "Board of Children's Guardians of .......... County," this section remains substantially as when first enacted in 1889. The act of 1891 also amended §3 of the act of 1889, but the changes made therein seem to be to the extent only of authorizing a hearing of the petition in vacation by the judge of the circuit court, and providing for an appeal to the Supreme Court from the decision of the court, or judge thereof, in vacation. Without declaring in the title the purpose so to do, a supplemental section is embraced in the act of 1891, but the provisions thereof are in no manner involved in this appeal.

By an act approved March 3, 1893, the act of 1891 was amended so as to make it apply only to counties having a population of more than 50,000, as shown by the United States census of 1890, and further providing that any vacancy occurring in the board should be filled by appointment by the circuit court for the unexpired term. On March 11, 1901, an act was approved, and went into force from that date by virtue of the emergency therein declared, which is entitled "An act to establish a board of children's

guardians in each county; defining the powers and duties of said board; * * * repealing all laws in conflict with or within the purview of this act; legalizing and providing for the completion of all adjudications, except as to pending litigation, under the act of March 9, 1889, etc." Acts 1901, p. 369. Section 1 of this statute provides "that in each county in this State there may be created a board composed of six persons, three of whom shall be women, and every member of which shall be a parent, which board shall be a body politic and corporate known as the Board of Children's Guardians of .......... County, etc." This act changes in many respects all former legislation pertaining to boards of children's guardians. It is expressly declared therein that "All laws in conflict with or within the purview of this act are hereby repealed." Section 10 thereof provides: "All children held under any proceedings brought under the act of March 9, 1889, entitled 'An act to establish a board of children's guardians in townships having a population of more than 75,000 persons, defining the powers and duties of said board, providing for a special township tax for the establishment and maintaining of homes under the care of such boards, and declaring an emergency,' and under said act as amended by the acts of March 1, 1891, and March 3, 1893, shall be subject to the provisions of this act, and all boards of children's guardians organized under such acts shall be subject to the provisions of this act, and all proceedings that may hereafter be brought by such boards organized under said acts shall be brought under this act. And all adjudications, except as to pending litigation, under said acts of March 9, 1889, March 1, 1891, and March 3, 1893, are hereby legalized; and, if incomplete, may be continued to completion under the provisions of this act." It will be observed that the act of 1889 creating a board of children's guardians was made to apply, both by its title and in the body thereof, to all townships in this State having a population of more than 75,000, without regard to any pre-

scribed or particular census by which such population should be ascertained.

Counsel for appellant insists that the amendatory act of 1891 is in direct conflict with §19 of article 4 of the State Constitution, which provides that "every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title," etc. The contention is that the title of the original act of 1889 expressly limits the proposed legislation creating boards of children's guardians to townships having a population of more than 75,000, without regard to any particular census, while the, amendatory act of 1891 attempts, under the title of the act of 1889, so to change and extend the latter act as to make it embrace and apply to counties, instead of townships, having a population of more than 75,000, as shown by the United States census of 1890; hence it is said that the amendatory legislation is not within the title of the act sought to be amended, and is therefore a nullity.

Other constitutional objections are urged against the amendatory act of 1891, but it is not essential that we set out or refer to these. Conceding, however, as we may, without deciding, that the act of 1891, under the circumstances, is antagonistic to the requirements of the Constitution, for the reasons stated and claimed by appellant, still that fact would not result in a reversal of the judgment, for the reason that, if the amendatory act in question is void, the statute of 1889 would not be in any manner affected by such legislation, and therefore remained intact until repealed by the statute of March 11, 1901. And as the petition in this case and the proceedings thereon are fully authorized and supported by the act of 1889, the judgment of the trial court must be affirmed, unless it is shown that the latter act is also invalid. Appellant, however, insists that said act is unconstitutional because it conflicts, as asserted, with §21 of the bill of rights, which provides "that no man's particular services shall be demanded without just compensation." This

insistence is based on the provision of the statute in question which provides that the members of the board of children's guardians shall serve without compensation. If this part of the act could be said to be invalid, it might, perhaps, if necessary, be eliminated therefrom without affecting the proceedings in this appeal. Again, the members of the board, for aught shown to the contrary, appear to have accepted their offices, and are discharging the trusts imposed, without any complaint on their part in respect to the compensation. If there were any merit in appellant's contention it would not avail him, for the reason that he is not prejudiced by the alleged invalidity of that portion of the statute of which he complains. The rule is a familiar one that, where a party is not rightfully aggrieved by the operation of a statute, he is therefore not in a position to assail its validity.

The further claim is made that the act in controversy is also in conflict with §1 of article 3 of the Constitution, for the reason asserted, that it attempts to delegate executive power to the circuit court by investing that tribunal with the authority to appoint the members of the board. This question is fully considered, and decided adversely to appellant's contention, in the appeal of the *City of Terre Haute* v. *Evansville, etc., R. Co.,* 149 Ind. 174, 37 L. R. A. 189.

It is finally urged that the statute of 1889 is unconstitutional for the further reason that it invests the "court with the power to try the right of the liberty of any child under the age of fifteen years, without the service of a summons, warrant, or process of any kind upon such child." The statute provides a hearing by the court after notice shall have been served upon the parent or person having the actual custody or control of the child. It is not essential that the law should be further extended so as to provide for notice to the infant in a proceeding to have the custody thereof committed to the guardianship and control of the board. See, *Board of Children's Guardians* v. *Shutter,* 139 Ind. 268, 31 L. R. A. 740; *Gibson's Appeal,* 154 Mass. 378,

28 N. E. 296; *Kurtz* v. *St. Paul, etc., R. Co.*, 48 Minn. 339, 51 N. W. 221, 31 Am. St. 657; *Reynolds* v. *Howe,* 51 Conn. 472.

In *Van Walters* v. *Board of Children's Guardians,* 132 Ind. 567, 18 L. R. A. 431, the validity of the act of 1889 was upheld. This court in that case said: "The statute violates no constitutional principle, inasmuch as it guards the interests and rights of parents by requiring that their children shall not be taken from them without a hearing, upon due notice, in the courts of the State."

There is no error in the record, and the judgment is affirmed.