## DINSON v. DROSTA.

[No. 6,117. Filed January 31, 1907.]

1. INFANTS. — *Incorrigible.* — *Juvenile Courts.* — *Jury.*—*Trial.*— *Criminal Law.*—*Girls' Industrial School.*—A proceeding in the juvenile court, as provided under the act of 1903 (Acts 1903, p. 516), for the commitment of an eleven-year old girl to the Girls' Industrial School, as provided by section one of the act of 1903 (Acts 1903, p. 91, §8273 Burns 1905), is not a criminal action; and such girl is not entitled to a jury trial. p. 433.

2. SAME.—*Juvenile Courts.*—*Jurisdiction.*—The jurisdiction exercised by the juvenile courts is of the same character as that exercised by the chancery courts over the persons and property of infants, and flows from the general power and duty of the state to protect children who have no other lawful protector. p. 434.

3. PARENT AND CHILD. — *Custody.* — *Rights of State.* — Parents are the lawful custodians of their children; but when their conduct renders them unfit to have such custody, it is the duty of the state to intervene. p. 434.

4. APPEAL.—*Right of.*—*Statutes.*—The right of appeal is statutory. p. 434.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Application by Samantha J. Drosta against Lula Dinson. From an order granting same, defendant appeals. *Appeal dismissed.*

*L. A. Douglass,* for appellant.

*Charles W. Miller,* Attorney-General, *W. C. Geake, C. C. Hadley* and *H. M. Dowling,* for appellee.

Roby, J.—This proceeding was begun by filing an affidavit in which it was charged that appellant, a girl eleven years old, ought, in consequence of incorrigible conduct, to be committed to the Indiana Industrial School for Girls, and that the moral depravity of her parents was such that they were incapable and unwilling to exercise proper care over her. Trial was had, the court found that the complaint was true, and the child was committed to the institution as prayed.. The proceeding was in accordance with the provisions of the act of March 10, 1903 (Acts 1903, p. 516, §1436a Burns 1905), and section one of the act of February 26, 1903 (Acts 1903, p. 91, §8273 Burns 1905).

The argument made in support of the appeal is based upon the proposition that the action is a criminal one; that the defendant was denied trial by jury, to which she was entitled; and that the finding of the court is not sustained by sufficient evidence and is contrary to law. In support of this argument an impassioned appeal is made. It is said: "We urge upon the court consideration of the fact that this appellant is a little girl. If time lasts and she is spared to life, she will be a woman. The character of the judgment fastens a stain on her and on her good name that can never be removed in the eyes of the people.    *    *    * If it was all true as charged against her mother, it is ghastly to think of this child's being branded for life with shame because the court believed her mother to be bad. The whole of her temporal life and possibly her eternal destiny depends upon the reversal of this cause."

In view of the foregoing it may not be improper to say that it proceeds upon an entirely erroneous hypothesis. In the first place this is not a criminal action. The 1. defendant was not entitled to a trial by jury, and the judgment does not attach a stigma to her. On the contrary, it takes her away from an environment, inconsistent with her continued virtue and happiness, to the end that she may become, as she undoubtedly will, a good

woman, and the judgment is fully sustained by the evidence.

The power conferred upon the juvenile court under this act is of the same character as the jurisdiction exercised by courts of chancery over the person and property of infants, and flows from the general power and duty of the state *parens patriae* to protect those who have no other lawful protector.

The presumption is that children will be properly taken care of by their parents, but when this presumption is removed and the parent is shown to be unfit for and derelict in the performance of his duty, the State intervenes in the interest of the child.   *Jarrard* v. *State* (1888), 116 Ind. 98; *Petition of Ferrier* (1882), 103 Ill. 367, 42 Am. Rep. 10.

The right to an appeal is not an inherent one, but is of statutory origin.   No statute has been pointed out giving a right of appeal from judgments of the juvenile court, and we do not know of any such statute, in the absence of which the appeal cannot be entertained.   Elliott, App. Proc., §75.

Appeal dismissed.