# Hampton *v.* The State.

### *Burglary.*

(Decided June 2, 1910.—52 South. 659.)

1. *Infants; Criminal Prosecution; Juvenile Delinquents.*—Section 6450, Code 1907, as amended by Acts Special Session 1909, p. 107, does not authorize the trial of a child under fourteen years of age charged with burglary committed prior to said amendment as a juvenile delinquent, although not brought to trial until after the amendment became effective, since said section as amended applies only to children under fourteen charged with misdemeanor or the violation of city ordinances.

2. *Evidence; Confessions; Iinfants; Statutes.*—Although section 6464, Code 1907, is in the chapter entitled "children, juvenile delinquents," it is general in its application and precludes the admission of confessions made by a child under fourteen years old in a prosecution against him for burglary.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Monroe Hampton was convicted of burglary and he appeals. Reversed and remanded.

PAUL HODGES, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant, a boy 12 years of age, was indicted and convicted of the crime of burglary.

When the defendant was arraigned, his attorney called the attention of the court to the fact that the boy was only 12 years of age; that at the time of the alleged burglary (in June, 1909) he was only 11 years of age; and that under the provisions of the Code, at the time of the supposed burglary, he was not subject to trial by the court, but should be treated as a delinquent child, under the law in regard to juvenile delinquents. The court overruled the motion, and required the defendant to plead.

In this there was no error. While section 6450, as it stood at that time, applied to all juvenile delinquents, yet on the 25th day of August, 1909, said section was amended so as to apply only to children under 14 years of age, charged with the commission of a misdemeanor or violation of a city ordinance.—Acts Sp. Sess. 1909, p. 117.

As the juvenile delinquent act at the time of the trial did not apply to the crime of burglary, there was no error in the action of the court.—*Ex parte Perryman*, 156 Ala. 625, 46 South. 866.

During the trial a witness made statements of a confession made by the defendant, which defendant's counsel moved the court to exclude, which motion the court overruled.

Section 6464 of the Code provides that: "The statements, declarations, confessions, or admissions of any kind, made by a child under fourteen years of age, to any person, officer of the court; or the manner or demeanor or silence of such child, when questioned or accused, or any statement made by any person, officer. or the court, shall never be legal or competent evidence against the child in any court proceedings whatever, nor shall the same be admitted by any court in any proceeding against the child."

[Phillips v. The State.]

While it is true that this section is in the chapter headed "Children, Juvenile Delinquents," and while the first section of that chapter (section 6450) defines who are juvenile delinquents, yet it cannot be said that all of the sections of that chapter apply only to children who have committed misdemeanors and are declared to be juvenile delinquents.

This section is general and applies to statements, etc., by any child under 14, and it shows that it refers to "any court or proceedings."

There is no reason why a child should not be allowed to inculpate himself as to a misdemeanor, and yet be permitted, by his statements, to fix upon himself a graver crime, a felony.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.