(85 South. 868)

FELDER v. STATE.    (3 Div. 374.)

(Court of Appeals of Alabama.    June 1, 1920.)

1. CRIMINAL LAW ☞527 — CONFESSION OF INFANT INADMISSIBLE.

In a prosecution for larceny against an infant under 16, her confession to a deputy sheriff, to whom she delivered the stolen article, is inadmissible, under Code 1907, § 6464, as amended by Acts 1915, p. 577, providing that the statements or confessions made by child under 16 shall never be legal or competent evidence against the child, the section being part of the general scheme for the creation of juvenile courts for youthful offenders, wherein they are protected as wards of the state.

2. CRIMINAL LAW ☞516—A "CONFESSION" MAY BE BY CONDUCT AS WELL AS WORDS.

A "confession" may be by conduct as well as words, and defendant's production of stolen article on threats and demands by an officer of the law is a confession, and so falls within Code 1907, § 6464, as amended by Acts 1915, p. 577, declaring a confession by an infant under 16 shall not be admissible.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confession.]

3. CRIMINAL LAW ☞520(2)—CONFESSION INDUCED BY PROMISE HELD NOT VOLUNTARY.

Where defendant produced the stolen property on being · threatened by an officer, who held out to her that, if she did so, she would merely be turned over to the juvenile court people, the confession is inadmissible, not being voluntary.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bessie Felder was convicted of larceny, and she appeals. Reversed and remanded.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The confession was not voluntary, and should not have been admitted. 39 Ala. 359; 63 Ala. 1; 59 Ala. 37; 179 Ala. 27, 60 South. 908. Under Acts 1915 p. 588, § 14, no act or confession of a child is evidence against it, nor is its silence, when questioned or accused, evidence against it. This changes the rule of law that possession of recently stolen goods casts upon the possessor the burden of explaining possession. 167 Ala. 73, 52 South. 659.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. On October 24, 1919, Bessie Felder was indicted by the grand jury of Montgomery county for the offense of grand larceny, the taking and carrying away of one ring of the value of $350. On the trial under this indictment, she was convicted and sentenced to the penitentiary for an indeterminate term of from one year and one day to one year and a half.

[1-3] It appears, among other things, that when the defendant was sentenced the court ascertained that she was about 15 years of age, this also being shown by the uncontradicted evidence in the case. There were

only three witnesses, the owner of the ring, who testified only as to its loss and value, the father of the girl, who testified as to her age, and one J. F. Tucker, who appears, at the time of the alleged larceny and arrest of the defendant, to have been a deputy sheriff and the person who had the defendant in custody at the time when she, the defendant, gave the ring to the witness Tucker. This witness testified that he got the ring from her (defendant); that she went and got it for him. All of this testimony was objected to, and motions made to exclude the answers, but all objections and motions to exclude were overruled. On cross-examination the witness was asked, "Did you make any promise to her?" and he answered:

"Yes, sir. I told her, I said: 'You got the ring, and I know it. If you don't give me up the ring, you might have to go off for it. If you get me the ring, I will turn you over to the juvenile people'—and she went around the house and got it."

The defendant renewed her motion to exclude the testimony of the witness, which was overruled. The objections to the questions propounded to the witness Tucker and motions to exclude the answers proceed on the theory that the admissions of confessions were not shown to have been voluntary, but were shown to have been obtained by a promise of reward, or by threats; that under the Acts of 1907, p. 448, relative to the establishment of juvenile delinquent courts, and amendatory acts thereof (Laws 1915, p. 588, § 14), "the statements, declarations, confessions or admissions of any kind, made by a child under sixteen years of age, to any person, officer, or the court; or the manner, or demeanor, or silence, of such child, when questioned or accused, or any statement made by any person, officer, or the court, shall never be legal or competent evidence against the child in any court or proceedings whatever, nor shall the same ever be admitted by any other court, in any proceeding against the child;" and, further, that, this being a child under 16 years of age, the fact that she was found in the possession of recently stolen property was not prima facie evidence of guilt unless she could explain such possession.

A recent product of the solicitude of the law for the welfare of infants is the creation by statute of "juvenile" or "children's courts" to deal with dependent, neglected, and de- linquent children. The essential feature of these statutes is the creation of a special court, the procedure of which is less formal and more paternal than that of the regular criminal courts, and in which the child is protected from publicity and from association with adult criminals. 14 R. C. L. pp. 277, 278, § 48.

Under the laws of our state, any child under 16 years of age who violates any law of the state, or any municipal ordinances, or is incorrigible, or who associates with thieves and gamblers, or is growing up in idleness and crime, etc., so as to endanger the morals, health, or general welfare of such child, shall be deemed a ward of the state, and entitled to its care and protection. It is specifically provided in the act of 1915 (Laws 1915, p. 577) that—

"It is the intention of this chapter that in all proceedings coming under its provisions, the court shall proceed upon the theory that said child is a ward of the state and is subject to the discipline, and entitled to the protection, which the court should give such child under the conditions disclosed in the case."

The humane purpose of such legislation addresses itself to the sympathy of this court. Such acts are finding their way into the statutes of all our states. Clearly, under the provisions of Code 1907, § 6464, as amended by Laws 1915, p. 577, the testimony of the witness Tucker was not competent or admissible, being in its very nature a confession or admission; and, while it may be said that no words were used by defendant, yet a confession may be made by acts as well as words. Hampton v. State, 167 Ala. 73, 52 South. 659. But if not permissible under section 6464, the testimony was objectionable for the further reason that the confession or admission was shown not to be voluntary; and, unless it was voluntary, and without hope of reward, then it could not be competent. Dinah v. State, 39 Ala. 359; Godau v. State, 179 Ala. 27, 60 South. 908, 43 L. R. A. (N. S.) 664; Murphy v. State, 63 Ala. 1.

The case must be reversed for the errors pointed out, and, it not being entirely clear from the record whether the defendant ever had possession of the stolen property, we deem it unnecessary to deal with the question raised as to whether her possession, if any she had, created a presumption of larceny.

Reversed and remanded.