NORMAN WISSENBURG, Petitioner, v. C. C. BRADLEY, Judge, Respondent.

No. 39927.

OCTOBER 22, 1929.

REHEARING DENIED FEBRUARY 11, 1930.

*William Mulvaney* and *Claud M. Smith,* for petitioner.

*R. G. Rodman,* County Attorney, for respondent.

FAVILLE, J.—On April 9, 1929, the county attorney of Cherokee County filed an information in the district court of said county, charging that the petitioner herein is a minor, under eighteen years of age, a resident of Cherokee County, and is delinquent and incorrigible, and praying the court to make an order committing said petitioner to the Iowa Industrial School for Boys. On said day, a waiver of notice of said hearing was duly signed and filed in said action by the foster father of said petitioner, and on said 10th day of April, 1929, the petitioner appeared in person and by his attorney in said juvenile court. Both the foster parents of said petitioner also appeared with him at said time. The respondent at said time heard the evidence, under oath, of the foster parents and other witnesses, including the sheriff and the superintendent of schools, and also had a private interview with the petitioner. No order in relation to said matter was made at said time, and the respondent informed all parties present that the cause would stand continued, and would follow cases already assigned for trial in the district court. Thereafter, to wit, on April 16, 1929, all parties in interest were informed that said cause

would come on for final hearing on April 17, 1929. On said date, the respondent, acting as judge of said juvenile court, signed an order appointing one Stiles as probation officer for said court, and thereafter, on said day, said hearing of said cause was resumed, at which time the petitioner appeared in person and by his attorney. The foster father of petitioner also appeared, and the probation officer was present.

It appears from the return of respondent herein that, previous to said time, and after the 10th day of April, the respondent had conferred with the party appointed probation officer, and had secured his consent to act as such probation officer, if so appointed, and, in anticipation of such formal appointment, at the request of the respondent, the said party had made an investigation in regard to the matters involved in the hearing. The probation officer made his report of his investigation to the respondent at the hearing on April 17th. Other witnesses who had previously testified were present at the hearing, and again testified. At said hearing, the respondent made an order finding the petitioner herein to be delinquent, incorrigible, and beyond the control of his foster parents, and sorely in need of training, discipline, and supervision, and ordered him committed to the Iowa Industrial School for Boys at Eldora, Iowa, until he should attain the age of twenty-one years. Thereafter, upon petition to one of the judges of this court, a writ of certiorari was issued, to review said proceedings.

I. The statutory provisions regarding juvenile courts in this state are found in Chapters 179 and 180 of the Code, 1927. The petitioner challenges the constitutionality of said chapters under both the Federal and state Constitutions.

Section 1 of the Fourteenth Amendment to the Constitution of the United States is, in part, as follows:

"* * * nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Section 9, Article I, of the Constitution of Iowa is as follows:

"The right of trial by jury shall remain inviolate; but the general assembly may authorize trial by a jury of a less number

than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law."

The petitioner contends that the said constitutional provisions are violated by said chapters, for the reason that the said statutes make no provision for a trial by jury in proceedings authorized thereunder. Petitioner's contention is that he has been deprived of his  liberty without due process of law, by reason of the fact that he was not tried to a jury. It has been frequently announced by this and many other courts that due process of law, within the meaning of both the Federal and state Constitutions, does not necessarily imply a trial by jury. *McKeever v. Jenks,* 59 Iowa 300; *Yeomans v. Riddle,* 84 Iowa 147; *In re Bradley,* 108 Iowa 476; *Ross v. Board of Supervisors,* 128 Iowa 427; *Hunter v. Colfax Cons. Coal Co.,* 175 Iowa 245.

It has been the uniform holding, under similar statutes providing for a juvenile court, with the power of commitment of delinquent and incorrigible juveniles, with no provision for a trial by jury, that such statutes are not within the constitutional prohibition. The cases are collected in 35 Corpus Juris 195, Section 100, and 12 Corpus Juris 1210, Section 986.

The appellant in the instant case is not being tried in this proceeding for any crime. The action is, in a sense, a special proceeding provided by statute, wherein the state, by virtue of its authority as *parens patriae,* takes jurisdiction of the incorrigible child, and commits it, not to jail for punishment, but to a reformatory, for its care, education, and training. That such a statute and such a proceeding, without a trial by jury, does not violate either the Federal or the state constitutional provisions, has been repeatedly held.

Appellant places great reliance upon the language of the Supreme Court of the United States in *Munn v. Illinois,* 94 U. S. 113 (24 L. Ed. 77). The case involved a statute fixing the maximum charges for the storage of grain in a warehouse. There is an interesting discussion of the Fourteenth Amendment in the case, but nothing said therein in any way controverts the proposition of the power of the state to commit a delinquent or incorrigible child to a reformatory for education and training without a jury trial.

Many of the states have statutes similar to the one involved in this appeal, providing for the commitment of delinquent or incorrigible children to reformatories or houses of correction without any right reserved to a trial by jury under the terms of the statute. The universal holding is that such statutes are constitutional, and that they do not contravene the provisions of either Federal or state Constitutions, and do not deprive such a child of his liberty without due process of law. Of course, appellant is a citizen of the United States, and is not to be deprived of his liberty without due process of law; but due process of law does not require that, in this kind of a proceeding, and for the purposes of the statute in question, there shall be a trial by jury. Statutes of this general character have been characterized by the courts as progressive and humanitarian. *State ex rel. Cave v. Tincher,* 258 Mo. 1 (166 S. W. 1028). Some courts refer to them as paternal and benevolent. *In re Sharp,* 15 Ida. 120 (96 Pac. 563); *In re Turner,* 94 Kan. 115 (145 Pac. 871); *State v. Eisen,* 53 Ore. 297 (99 Pac. 282); *Commonwealth v. Fisher,* 213 Pa. St. 48 (62 Atl. 198). Such statutes are not criminal or penal. They are not intended as a punishment, but are calculated to save the child from becoming a criminal.

''The whole and only object of such laws is to provide the child with an environment such as will save him to the state and society as a useful and law-abiding citizen, and to give him the educational requirements necessáry to attain that end.'' *Mill v. Brown,* 31 Utah 473 (88 Pac. 609).

See, also, *State ex rel. Miller v. Bryant,* 94 Neb. 754 (144 N. W. 804); *In re Alley,* 174 Wis. 85 (182 N. W. 360); *Commonwealth v. Fisher,* supra; *In re Hook,* 95 Vt. 497 (115 Atl. 730); *In re Sharp,* supra; *Marlowe v. Commonwealth,* 142 Ky. 106 (133 S. W. 1137); *In·re Turner,* supra; *State ex rel. Raddue v. Superior Court for King County,* 106 Wash. 619 (180 Pac. 875). The statute not being criminal in its nature, nor designed for punishment, and the commitment being for the benefit of the child and for its education and reformation, and to an industrial school or similar institution, the due process of law clause does not, in such a case, require a jury trial. *State v. Scholl,* 167 Wis. 504 (167 N. W. 830); *Wisconsin Ind. Sch.*

*for Girls v. Clark County,* 103 Wis. 651 (79 N. W. 422);
*Commonwealth v. Fisher,* supra; *Farnham v. Pierce,* 141 Mass.
203 (6 N. E. 830); *Lindsay v. Lindsay,* 257 Ill. 328 (100 N. E.
892); *Ex parte King,* 141 Ark. 213 (217 S. W. 465); *Dinson
v. Drosta,* 39 Ind. App. 432 (80 N. E. 32); *State ex rel. Olson
v. Brown,* 50 Minn. 353 (52 N. W. 935); *State v. Burnett,* 179
N. C. 735 (102 S. E. 711); *Robison v. Wayne Circuit Judges,*
151 Mich. 315 (115 N. W. 682); *Roth v. House of Refuge,* 31
Md. 329; *Ex parte Ah Peen,* 51 Cal. 280; *In re Brodie,* 33 Cal.
App. 751 (166 Pac. 605); *Ex parte Bartee,* 76 Tex. Cr. 285
(174 S. W. 1051); *Childress v. State,* 133 Tenn. 121 (179 S.
W. 643); *Reynolds v. Howe,* 51 Conn. 472; *Taylor v. Means,*
139 Ga. 578 (77 S. E. 373); *Wilkison v. Board of Children's
Guardians,* 158 Ind. 1 (62 N. E. 481); *State ex rel. Spritka
v. Parsons,* 153 Wis. 20 (139 N. W. 825); *Cincinnati House of
Refuge v. Ryan,* 37 Ohio St. 197; *Milwaukee Ind. Sch. v. Super-
visors of Milwaukee County,* 40 Wis. 328; *Bryant v. Brown,*
151 Miss. 398 (118 So. 184); 14 Ruling Case Law 277; *Pugh
v. Bowden,* 54 Fla. 302 (45 So. 499); *State ex rel. Jones v.
West,* 139 Tenn. 522 (201 S. W. 743); *In re Delinquency of
Lundy,* 82 Wash. 148 (143 Pac. 885); *Felder v. State,* 17 Ala.
App. 458 (85 So. 868); *Hogue v. State,* 87 Tex. Cr. 170 (220
S. W. 96); *Prescott v. State,* 19 Ohio St. 184; *State ex rel.
Kol v. North Dakota Children's H. Soc.,* 10 N. D. 493 (88 N.
W. 273); *Ex parte Liddell,* 93 Cal. 633 (29 Pac. 251); *Ex parte
Nichols,* 110 Cal. 651 (43 Pac. 9); *State ex rel. Schulman v.
Phillips,* 73 Minn. 77 (75 N. W. 1029); *Kelley, Petitioner,* 152
Mass. 432 (25 N. E. 615); *State v. Kilvington,* 100 Tenn. 227
(45 S. W. 433); *In re Application of Knowack,* 158 N. Y. 482
(53 N. E. 676); *Jarrard v. State,* 116 Ind. 98 (17 N. E. 912);
*State ex rel. Caillouet v. Marmouget,* 111 La. 225 (35 So. 529).

Appellant argues that the states of New Hampshire and
Illinois have recognized the rule for which he contends. Com-
plete answer to this argument is found in the cases above cited.

We quote from the opinion of the Supreme Court of Wis-
consin in *Wisconsin Ind. Sch. for Girls v. Clark County,* 103
Wis. 651 (79 N. W. 422), as follows:

"* * * the power to place children under proper guardian-
ship has been exercised by chancellors and judges exercising
chancery powers from time immemorial. Said Lord Redesdale

in 1828, in *Wellesley v. Wellesley,* 2 Bligh (N. S.) 124, the right of a chancellor to exercise such power has not been questioned for 150 years. Such a proceeding is not a trial for an offense requiring a common-law, or any, jury. It was never so regarded in England, nor has it been in this country in but few instances, notably cases in New Hampshire, and in *People ex rel. O'Connell v. Turner,* 55 Ill. 280. That case was, in effect, overruled by later cases, and is not now considered as authority. *Petition of Ferrier,* 103 Ill. 367; *McLean Co. v. Humphreys,* 104 Ill. 378. As said, in substance, in the *Ferrier* case, the proceeding is not one according to the course of the common law, in which the right of trial by jury is guaranteed, but a mere statutory proceeding for the accomplishment of the protection of the helpless, which object was accomplished before the Constitution without the enjoyment of a jury trial. There is no restraint upon the natural liberty of children contemplated by such a law,—none whatever; but rather, the placing of them under the natural restraint, so far as practicable, that should be, but is not, exercised by parental authority. It is the mere conferring upon them that protection to which, under the circumstances, they are entitled, as a matter of right. It is for their welfare and that of the community at large. The design is not punishment, nor the restraint imprisonment, any more than is the wholesome restraint which a parent exercises over his child. The severity in either case must necessarily be tempered to meet the necessities of the particular situation. There is no probability, in the proper administration of the law, of the child's liberty being unduly invaded. Every statute which is designed to give protection, care, and training to children, as a needed substitute for parental authority and performance of parental duty, is but a recognition of the duty of the state as the legitimate guardian and protector of children where other guardianship fails. No constitutional right is violated, but one of the most important duties which organized society owes to its helpless members is performed, just in the measure that the law is framed with wisdom and is carefully administered. The conclusions above expressed are in accordance with adjudications elsewhere, with but very few exceptions.''.

In *Mill v. Brown,* 31 Utah 473 (88 Pac. 609), it is said:

"Quite true, there are a few cases seemingly to the contrary. One of those is *State v. Ray,* 63 N. H. 406, 56 Am. Rep. 529. While the argument of the court in that case is adverse to many of the decisions cited above, the question involved in nearly all of the cases above cited and involved in the case at bar was not in issue, and hence the New Hampshire case is not an authority. The law passed upon in that case did not confer the power upon the justice to take the action taken by him, and thus he exceeded his authority. No other question was involved, and hence no other could be decided. The case of *People v. Turner,* 55 Ill. 280, 8 Am. Rep. 645, was decided more than 35 years ago; and while, in that case, some of the contentions of counsel for applicant were upheld, nearly all of the cases decided since then, as appears from the list above cited, have taken a different, and, as it seems to us, a more rational view of the subject. The procedure in the state of Illinois in respect to juvenile offenders has, however, been changed since the decision of *People v. Turner,* supra, and such laws are now upheld in that state, as can be seen from the later cases of *Petition of Ferrier,* 103 Ill. 367, 42 Am. Rep. 10, and *County of McLean v. Humphreys,* 104 Ill. 378. Such laws are most salutary, and are in no sense criminal, and not intended as a punishment, but are calculated to save the child from becoming a criminal. The whole and only object of such laws is to provide the child with an environment such as will save him to the state and society as a useful and law-abiding citizen, and to give him the educational requirements necessary to attain that end. To effect this purpose, some restraint is essential. Such or similar restraint is, however, necessary in any institution of learning, however humble. Everywhere we are all met with restraint. Civilized society cannot exist without it, and no school can continue without discipline, and it is this discipline which is denominated restraint in schools such as are provided for juvenile offenders. We can see no valid reason for holding Chapter 117 vulnerable to attack, upon constitutional or other grounds, and therefore we cannot, for that reason alone, sustain the contentions of the applicant and set aside the judgment of the juvenile court."

II. The petitioner also contends that said Chapters 179 and 180 are unconstitutional because there is no provision there-

in for an appeal, and it is argued that, by reason of the failure  to make such provision, the petitioner is denied due process of law. At common law, the right of appeal was unknown. It is purely a creature of statute. *State v. Olsen,* 180 Iowa 97; *State v. Caplan,* 85 Conn. 618 (84 Atl. 280); *Davidson v. Commonwealth,* 174 Ky. 789 (192 S. W. 846). The right of appeal is not a constitutional right, and it is wholly within the power of the legislature to grant or deny it in either civil or criminal cases. *Ross v. Board of Supervisors,* supra; *Ward v. State,* 171 Ind. 565 (86 N. E. 994).

In the presentation of this question, both parties have assumed that there is no right of appeal in such cases under our statutes. We have considered the question upon this assumption, and without making any pronouncement as to whether or not such right of appeal may exist.

III. It is the contention of the petitioner that the respondent acted illegally in proceeding in said matter without the presence of a duly appointed probation officer. The respondent, sitting as judge of the juvenile court,  had jurisdiction of the subject-matter and of the parties to this action. A proper information was filed, service of notice was duly waived, and the parties appeared in person and by attorney. At the first appearance in said juvenile court on April 10th, it is true that no probation officer was present. Witnesses were sworn and testified, but no final disposition was made of the case at said time, and the respondent announced that the hearing was postponed until a later time during the term of district court then pending. In the interim, a probation officer was duly appointed by the respondent. The respondent also fixed a time for final hearing of said matter, of which all parties had due notice. At this hearing, on April 17th, the petitioner herein was present, as were his foster father and his attorney and the probation officer. Witnesses were produced, sworn, and duly examined, and the probation officer likewise was examined, and reported to the respondent. At said time, and after said hearing, the order of commitment was entered of record.

It is contended that respondent had no power or authority

to appoint a probation officer. It is clear that the office of probation officer was vacant on April 10th. By statute, the judges of the district court are made the judges  of the juvenile court of each county. Code Section 3606. It is contended by petitioner that the respondent had not been designated as judge of the juvenile court of Cherokee County by the judges of the district court of that judicial district. Code Section 3607, providing for such designation, is not mandatory. It is a provision to facilitate the work of the juvenile court, and is more especially applicable in districts where large cities are situated. It is not, however, a matter of jurisdiction. If no such designation had been made by the district judges of the judicial district, it would not leave the respondent, as one of the judges of such district court, without authority to act as a judge of the juvenile court in any county within said judicial district. Code Section 3608. The respondent, therefore, was not without authority to sit as judge of the juvenile court of Cherokee County, and, as such judge of said juvenile court, he had jurisdiction and authority to appoint a probation officer for said court. Code Section 3612.

It appears that a probation officer was duly appointed for said juvenile court, and that such officer was present at the hearing at which petitioner was ordered committed, and did furnish the court with such information and assistance as was required.

The statute contemplates that the probation officer shall make such investigation as may be required by the court. Code Section 3614. It appears in this case that the probation officer did personally make an investigation. Com-  plaint is made that the probation officer made such investigation before his formal appointment. It appears that, between April 10th and April 17th, the respondent interviewed the party appointed as probation officer, to ascertain whether or not he would accept such appointment, and, being assured that he would, advised him of the pending action, and requested him to make investigation in regard to the petitioner herein, and, in pursuance of said request, which was informal, the probation officer made such investigation, and, after his appoint-

ment as such probation officer, appeared at such final hearing, and made his report to the court as such officer. The proceeding was a substantial compliance with the purpose of the statute, and was not so irregular as to deprive the juvenile court of jurisdiction to act in the matter.

IV.   This proceeding being in certiorari, the only questions presented to us for review are those that pertain to alleged illegal acts or a want of jurisdiction on the part of the respondent in relation to the proceedings against the petitioner.   Code Section 12456.   We fail to find any such in the record.   It therefore follows that the writ of certiorari must be, and it is, dismissed, and the order of the district court is affirmed.—*Writ dismissed; order affirmed.*

MORLING, C. J., and EVANS, ALBERT, KINDIG, and GRIMM, JJ., concur.