Weygandt, C. J.
Section 2151.35 (E), Revised Code, reads in part as follows:
“If the court finds that the child is a juvenile traffic offender or is delinquent, neglected, or dependent, it may by order entered proceed as- follows:
í Í # # *
“(E) Commit a male child over 16 years of age who has *336 committed an act which if committed by an adnlt would be a felony to the Ohio State Reformatory * #
Section 10 of Article I of the Constitution of Ohio reads in part that “no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury” and shall be allowed “a speedy public trial by an impartial jury.” And Section 5 contains the general provision that “the right of trial by jury shall be inviolate.”
Was the petitioner tried, convicted and sentenced by the Juvenile Court for a crime?
The Court of Appeals so held in the instant action in habeas corpus. That court held also that the offense with which the petitioner was charged is immaterial. This court finds itself unable to accept either of these conclusions. The petitioner was charged with being a delinquent, and he was found to be a delinquent. Incidentally he was found to have committed the act of stabbing with intent to kill, but this was held to constitute delinquency instead of a felony as it would have been if committed by an “adult” 18 or more years of age instead of a “delinquent child” under 18, as defined by the statute. He was not convicted. Nor was he sentenced but was committed to the reformatory.
This is consistent with the further provision of Section 2151.35, Revised Code, as follows :
“The judgment rendered by the court under this section shall not impose any of the civil disabilities ordinarily imposed by conviction, in that the child is not a criminal by reason of such adjudication, nor shall any child be charged or convicted of a crime in any court, except as provided in Section 2151.26 of the Revised Code. The disposition of a child under the judgment rendered or any evidence given in the court shall not be admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of such child may be considered by any court only as to the matter of sentence or to the granting of probation. Such disposition or evidence shall not operate to disqualify a child in any future civil service examination, appointment, or application.”
That this is not novel is shown by the following comment *337 in the case of Prescott v. State, 19 Ohio St., 184, in which a minor 14 years of age burned a barn hut was neither indicted nor tried by a jury:
“The provisions referred to in our state Constitution relate to the preservation of the right of trial by jury, and to the rights of the accused in criminal prosecutions. We do not regard this case as coming within the operation of either of these provisions. It is neither a criminal prosecution, nor a proceeding according to the course of the common law, in which the right to a trial by jury is guaranteed.
‘ ‘ The proceeding is purely statutory; and the commitment, in cases like the present, is not designed as a punishment for crime, hut to place minors of the description, and for the causes specified in the statute, under the guardianship of the public authorities named, for proper care and discipline, until they are reformed, or arrive at the age of majority.”
Likewise, in the case of Wissenburg v. Bradley, Judge, 209 Iowa, 813, 67 A. L. R., 1075, appears the following pertinent comment:
“It has been the uniform holding, under similar statutes providing for a Juvenile Court, with the power of commitment of delinquent and incorrigible juveniles, with no provision for a trial by jury, that such statutes are not within the constitutional prohibition. # # *
‘ ‘ The appellant in the instant case is not being tried in this proceeding for any crime. The action is, in a sense, a special proceeding provided by statute, wherein the state, by virtue of its authority as parens patriae, takes jurisdiction of the incorrigible child, and commits it, not to jail for punishment, hut to a reformatory for its care, education, and training. That such a statute and such a proceeding, without a trial by jury, does not violate either the federal or the state constitutional provisions, has been repeatedly held.
< £ * # # ppe statute not being criminal in its nature, nor designed for punishment, and the commitment being for the benefit of the child and for its education and reformation, and to an industrial school or similar institution, the due process of law clause does not, in such a case, require a jury trial.”
*338 Hence, the questioned provisions of Section 2151.35 (E), Revised Code, are not violative of the provisions of Section 5 or 10 of Article I of the Constitution of Ohio.
The judgment of the Court of Appeals is reversed and final judgment is rendered for the respondent appellant.

Judgment reversed.

Zimmerman, Taet, Matthias, Bell, Hurd and O’Neill, JJ., concur.
Hurd, J., of the Eighth Appellate District, sitting by designation in the place and stead of Herbert, J.